UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIANE GARDEA, | No. 2:24-cv-3383 AC P |
| Plaintiff, | |
| v. | ORDER |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |

Plaintiff filed a civil rights action pursuant to 42 U.S.C. § 1983 in state court. On December 4, 2024, defendants the State of California and California Department of Corrections and Rehabilitation ("CDCR") filed a notice of removal under 28 U.S.C. § 1441(a). ECF No. 1 at 1-3. The complaint alleges violations of plaintiff's rights under the Eighth Amendment, as well as state law claims. Id. at 5-30. All served defendants have consented to removal and assert that they were served on November 6, 2024, and November 8, 2024.[1] Id. at 2. The action was therefore removed within thirty days of service, as required under 28 U.S.C. § 1446(b).

Section 1441(a) provides that "any civil action brought in a State court of which the

---

[1] Defendants argue that the Central California Women's Facility ("CCWF") is not a separate legal entity from CDCR. ECF No. 1 at 2 n.1. Because CDCR has consented and argues that it is one in the same as CCWF, the court need not resolve the issue to conclude that all parties served have consented to removal. Accordingly, the issue of whether CDCR and CCWF are the same or different legal entities is left for another day.

district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." The federal venue statute also states that

> [a] civil action may be brought in
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Venue is therefore proper in this court under the removal statute and because defendants CDCR is headquartered in Sacramento, which is located in the Sacramento Division of the United States District Court for the Eastern District of California, see L.R. 120(d), and any federal judicial district in California is proper against the State of California, see California v. Azar, 911 F.3d 558, 569-70 (9th Cir. 2018). However, a district court may, on its own motion, "transfer a case sua sponte under the doctrine of *forum non conveniens*, as codified at 28 U.S.C. § 1404(a), so long as the parties are first given the opportunity to present their views on the issue." Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) (citations omitted). In this case, such a transfer appears proper.

Although defendants do not identify proper venue for this case, ECF No. 1 at 1-3, they do indicate that the individual defendant Gregory Rodriguez is currently incarcerated in Madera County jail. Id. at 2. Additionally, the complaint alleges that the conduct to have violated plaintiff's rights occurred at Central California Women's Facility ("CCWF"). Id. at 7-30. CCWF is in Chowchilla, California, which is also located in Madera County. Madera County is part of the Fresno Division of the United States District for the Eastern District of California. See L.R. 120(d). Furthermore, the State of California, CDCR, and CCWF are not proper defendants. See Groten v. California, 251 F.3d 844, 851 (9th Cir. 2001) ("[T]he State is not a 'person' for purposes of § 1983."); Howlett v. Rose, 496 U.S. 356, 365 (1990) ("Will[ v. Mich. Dep't of State

Police, 491 U.S. 58 (1989)] establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal court or state court."); Brown v. California Dep't of Corr., 554 F.3d 747, 752 (9th Cir. 2009) (a § 1983 suit against CDCR is barred by the Eleventh Amendment).  Because it appears likely that any potentially cognizable claims will be against defendant Rodriguez, who is located in Madera County, and that most, if not all, of the evidence and witnesses are in Madera County, this action should be transferred to the Fresno Division of this court.  See 28 U.S.C. § 1404(a) ("a district court may transfer any civil action to any other district or division where it might have been brought"); L.R. 120(f) (the court may, on its own motion, transfer an action to another venue within the District for good cause).  The parties will have an opportunity to show cause in writing why this case should not be transferred.

      Accordingly, IT IS HEREBY ORDERED that within twenty-one days of the service of this order, the parties may show cause in writing why this case should not be transferred to the United States District Court for the Eastern District of California sitting in Fresno.  Any party that does not object to this case being transferred may file a notice consenting to the transfer.

DATED: December 27, 2024

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3