**The Wagner Law Group**
Nicholas J.P. Wagner, SBN 109455
1111 E. Herndon Avenue, Suite 317
Fresno, California 93720
Tel.: (559) 449-1800
Fax: (559) 449-0749
Email: butch@thewagnerlawgroup.com

**Law Office of Laura E. Brown**
Laura Elizabeth Brown, SBN 306035
P.O. Box 16211
Fresno, CA 93755
Tel: (559) 862-8633
Email: laura@lauraebrown.com

*Attorneys for Plaintiff Adriane Gardea*

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Adriane Gardea, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF CALIFORNIA; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, a governmental entity; GREGORY RODRIGUEZ, an individual *and* DOES 1 through 200, inclusive,<br><br>Defendants. | Case No.: 2:24-cv-03383-AC<br><br>**FIRST AMENDED COMPLAINT**<br><br>1) **SEXUAL ASSAULT**<br>2) **GENDER VIOLENCE**<br>3) **CIVIL CONSPIRACY**<br>4) **VIOLATION OF THE BANE ACT (CIVIL CODE §52.1)**<br>5) **NEGLIGENCE**<br>6) **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS** |

Comes now Plaintiff, Adriane Gardea, an individual and alleges:

**GENERAL ALLEGATIONS AS TO THE PARTIES**

1.    Plaintiff, Adriane Gardea, was a prison inmate in the California Department of Corrections and Rehabilitation at the Central California Women's Facility and sexually abused

**1**
**FIRST AMENDED COMPLAINT**

by Officer Gregory Rodriguez. Defendants egregiously failed to safeguard Plaintiff who was already deprived of her liberties and freedom to be sexually abused by Gregory Rodriguez. The violation of human rights and betrayal of the trust caused Plaintiff great physical and mental harm and jeopardized the whole foundation of the criminal justice system, which was designed to promote safety and rehabilitation to the inmates. This sexual abuse was a show of blatant disrespect for the dignity and well-being of inmates who are already disadvantaged. To protect the environment and society, it is critical that these heinous activities by these defendants are uncovered, denounced, prosecuted with prompt and harsh penalties to the fullest extent of the law.

2.      Unfortunately, the complaints of sex abuse victims within prisons frequently go unheard, leading to a vicious cycle of silence and further victimization. The voices of these survivors are marginalized and ignored as a result of grave structural flaws in the State of California prison system, such as a lack of accountability, a culture of sexual abuse, secrecy within a power dynamic that overwhelmingly favors the guards and the prison administration.

3.      These victims of sexual abuse frequently experience intimidation and threats from the people in charge of their care, which makes it extremely challenging for them to come forward, report or pursue justice. In addition, the stigma that surrounds those who are incarcerated further marginalizes their experiences once they are released from prison, resulting in fear, doubt and disregard for authority, rules, and laws. These victims, to include Plaintiff, who have already lost their freedom, are being denied justice is an unfortunate tragedy.

4.      The egregious conduct in violation of Plaintiff's civil liberties, constitutional rights as well as Penal Code §§243.4(a) and 289.6 makes it a crime to engage in sexual misconduct with an inmate, occurred under color of authority by actors, employees and or agents of the State of California (hereinafter referred to as "CALIFORNIA" inclusive of DOES 1-200) and the California Department of Corrections and Rehabilitation (hereinafter referred to as "CDCR" inclusive of DOES 1-200) while Plaintiff was detained and housed at the Central California Women's Facility (hereinafter referred to as "CCWF") owned and operated by defendant CALIFORNIA. Officer Gregory Rodriguez (hereinafter referred to as "Rodriguez") is or was an

**2**

**FIRST AMENDED COMPLAINT**

employee of CALIFORNIA, CDCR and CCWF who sexually abused Plaintiff. (The term "DEFENDANTS," "Defendants" or "defendants" shall reference all named defendants, CALIFORNIA, CDCR, Rodriguez, its agents and or employees, and DOES 1 through 200 inclusive.)

5.     During the relevant period, Defendants were agents, employees, partners, joint-ventures, conspirators, owners, principles, and/or employers of one another, and acted within the course and scope of such relationships. Each defendant's conduct was known, authorized, permitted, and/or ratified by the other defendants, individually and collectively.

6.     Defendants under the color of authority repeatedly sexually assaulted, battered and abused inmates in their custody, care, control, and direction by allowing defendants to engage in a variety of sexual acts such as skin-to-skin groping, oral and manual copulation, digital penetration, anal penetration, and vaginal penetration just to name a few. Incarcerated victims were threatened with bodily violence, loss of rights and privileges, thrown into solitary confinement, retaliated against, threatened with physical harm and even death of their family members if they did not obey defendants' demands.

7.     At the expense of the vulnerable prisoners, victims just like Plaintiff, these atrocities occurred so that defendants may satiate their own thirst and hunger for control, power and sexual prowess over a population of victims who would obey their every command because they had no voice, physically incapable to fight back against defendants with weapons and, defendants would make life a living hell for the victims for the duration of their sentence at CDCR facilities.

8.     Defendants were aware of all the incidents or should have been aware, but rather than take the necessary corrective and preventative measures, defendants ratified and endorsed the behavior by denying the actions and omissions of defendants. This type of behavior showed the victims that the sexual abuse, harassment, and retaliation was acceptable and that defendants would do nothing to stop this type of behavior from happening again.

**PARTIES**

9.     Plaintiff was at all times a resident of California. Plaintiff was a victim of sexual

**3**

**FIRST AMENDED COMPLAINT**

assault, sexual battery, sexual abuse, harassment and retaliation.

10.    Defendant CALIFORNIA is, and at all times relevant herein, a governmental entity within presence in all jurisdictions in the State of California.

11.    Defendant CDCR is CALIFORNIA's criminal law enforcement organization in charge of managing the parole and state prison systems in California with its principal office in Sacramento.

12.    CCWF is a prison that houses women and owned by CALIFORNIA and managed and controlled by CDCR.

    a.    Central California Women's Facility ("CCWF") is a female-only California Department of Corrections and Rehabilitation state prison located in Chowchilla. CCWF is the second largest female prison in the United States and houses only State of California death row for women with numerous reports of historic sexual abuse. In 2013, a federal court ordered CALIFORNIA to provide mental health care to female inmates who had been sexually abused by staff members at CCWF, following a lawsuit filed by several victims. In 2014 following an investigation by the Fresno Bee, former CCWF inmates and staff members described a culture of sexual abuse, harassment, and retaliation at the prison. Inmates reported being subjected to sexual assault, battery and rape by staff members, guards, officers, and counselors with little to no recourse or action taken and no reporting, no investigation, and no accountability. The facility, staff, guards, officers, and counselors who were employed by CALIFORNIA and CDCR to protect the inmates were the tortfeasors and perpetrators which created an environment of distrust and fear for the victim inmates to report defendants' behavior.

    b.    Defendant Rodriguez, an individual, and DOES 1 through 200 are and at all times relevant herein, are individuals who resided or reside in the State of California acting under the color of authority and in the course and scope of his employment with DEFENDANTS at the time of the sexual misconduct.

13.    The sexual acts alleged by Plaintiff took place within California by named officer, Rodriguez, identified as being the perpetrator involved in the conduct and unknown agents, employees and/or servants of CALIFORNIA sued herein as DOES 1 through 200 were at the time

**4**

**FIRST AMENDED COMPLAINT**

employed by DEFENDANTS and acted within the course and scope of their employment with DEFENDANTS at all times referenced herein, and were the individuals who committed the subject acts to Plaintiff who was under their complete control, care and active supervision.

14. Plaintiff is informed and believes, and on that basis alleges, that all DEFENDANTS, including the fictitious DOES 1 through 200 defendants, were at all relevant times acting as actual agents, captive agents or brokers, conspirators, ostensible agents, partners, brokers and/or joint ventures, co-tortfeasors, and employees of DEFENDANTS, and that all acts alleged occurred within the course and scope of the agency, employment, partnership, joint venture, conspiracy and/or enterprise, and with the express and/or implied permission, knowledge, consent and authorization and ratification of their co-defendants; however, this allegation is pleaded as an "alternative" theory wherever not doing so would result in a contradiction with other allegations.

15. The true names of DOES 1 through 200 are not readily available and are unknown to Plaintiff, who therefore sues the DOE defendants by fictitious names. Plaintiff alleges that all DEFENDANTS, were employees and/or agents of CALIFORNIA, CDCR and CCWF during the incidents referenced and responsible for Plaintiff's injuries. Plaintiff will amend this Complaint to show their true names and capacities when they have been ascertained.

16. Regarding each constitutional violation and tort referenced, Plaintiff alleges that DEFENDANTS are vicariously liable for the actions of its individual employees whose actions were within the course and scope of employment, because the imposition of vicarious liability , (1) will prevent the recurrence of similar tortious conduct by creating an incentive for vigilance by those in a position to guard against the evil to be prevented; (2) would give greater assurance of compensation to the victim; and 3) would spread the loss among the beneficiaries of the enterprise because of the substantial benefits to the community stemming from lawfully exercising police power.

17. All allegations in this Complaint are based on information and belief and/or are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. Pursuant to Code of Civil Procedure §340.16 and in certain instances Code of Civil

**FIRST AMENDED COMPLAINT**

Procedure §340.1, Plaintiff brings this Complaint against DEFENDANTS to recover damages suffered as a result of sexual abuse and other relief available in law and in equity.

18. Whenever allegations in this Complaint are contrary or inconsistent, such allegations shall be deemed alternative.

**JURISDICTION AND VENUE**

19. The amount in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum of this Court. Accordingly, this Court has jurisdiction over the case. Venue is proper because DEFEDANTS conduct business in California.

**STATUTE OF LIMITATIONS**

20. Pursuant to Code of Civil Procedure § 340.16 and Government Code § 945.9, this Complaint is timely because Plaintiff is over 18 years of age when she suffered the sexual assault. The time for commencement of a civil action against Rodriguez and DEFENDANTS, is the latest of the follow dates: 1) within ten years from the date of last act, attempted act, or assault with the intent to commit an act, of sexual assault against the plaintiff; or 2) within 10 years after the law enforcement officer is no longer employed by the law enforcement agency that employed the officer when the alleged sexual assault occurred; or 3) within 10 years after the date of judgment against a law enforcement officer in a criminal case for a crime of sexual assault or a judgment against a law enforcement officer for a different crime if a crime of sexual assault was alleged and the crime for which there was a judgment against a law enforcement officer arose out of the same set of operative facts as the allegation of sexual assault in the present claim.

21. Plaintiff is informed and believes that defendant Gregory Rodriguez is or was employed by DEFENDANTS through 2022, thus Plaintiff's claims against all DEFENDANTS and DOES 1 through 200 are timely.

**FACTUAL ALLEGATIONS APPLICABLE TO CLAIMS BY PLAINTIFF**

22. At all times material hereto, Plaintiff was in the direct custody, care, supervision, and control of DEFENDANTS, inclusive, due to her physical incarceration at CCWF.

23. Plaintiff's incarceration was court-ordered, mandatory, and the duration and nature of her commitment depended on her compliance to the orders, judgments, demands and directives

**6**
**FIRST AMENDED COMPLAINT**

of DEFENDANTS, each and every one of them.

24.	At all times herein referenced, Defendants DOES 1 through 200 were in a position of authority, trust, influence, persuasion, and care over Plaintiff. DOES 1 through 200 were agents and/or employees of DEFENDANTS who maintained a special relationship with Plaintiff to assure her reasonable health, safety, and freedom from undue restraint and sexual abuse.

25.	Plaintiff is informed and believes, and on this basis alleges, that at all times material hereto, DEFENDANTS hired, trained, and supervised Defendants DOES 1 through 200, to serve as Officers and employees of DEFENDANTS and were responsible for the custody, supervision, care, control, direction, safety, and wellbeing of female inmates in all women prison facilities.

26.	Plaintiff contends that DEFENDANTS failed in all aspects of their duties, including the hiring, retention, training, and supervision of DOES 1 through 200, including, but not limited to:

a.	Lack of adequate hiring policies and procedures to prevent sexual predators from having exclusive exercise and control over inmates to sexually abuse them under the color of authority while in detention;

b.	Unrestricted and unsupervised intimate access to inmates for sexual touching and gratification by DOES 1 through 200 in violation of Penal Code §§ 243.4(a) and 289.6;

c.	Inadequate and/or improper training of Defendant DOES 1 through 200 to provide safety and security for Plaintiff while in custody against sexual abuse, harassment, and retaliation;

d.	Ratification and authorization of the improper sexual misconduct as observed by other DEFENDANTS' employees who allowed the abuse to continue due to blind ignorance, willful ignorance, lack of supervision and/or improper and avoided training.

27.	DEFENDANTS, each of them, failed to provide supervision to keep Plaintiff reasonably safe from harm and allowed DOES 1 through 200, who used their position of authority and trust to violate, sexually abuse, molest, harass, and threaten Plaintiff.

**FIRST AMENDED COMPLAINT**

28.    Such sexual conduct was done for DOES 1 through 200's own sexual gratification and perversion and, performed on Plaintiff without her consent. Plaintiff was unable to give legal consent to such predatory sexual misconduct because she was inmate and incarcerated in a prison.

29.    Plaintiff is informed and believes, and on that basis, allege that DEFENDANTS, its employees, and agents knew or should have known that DOES 1 through 200 had engaged in unlawful sexually abusive and harassing conduct in the past, and continued and still continuing to engage such conduct. DEFENDANTS had a duty to disclose these facts to Plaintiff and others but instead they intentionally suppressed, concealed, and failed to disclose this information. The duty to disclose this information arose from the special, trusting, confidential, fiduciary relationship between DEFENDANTS and Plaintiff.

30.    Based upon information and belief, Plaintiff contends there was no formal or information grievance process relating to the conditions of confinement in which they could make complaints about the sexual abuse and harassment by DOES 1 through 200. Moreover, to the extent there was a process, Plaintiff at all times was unaware of the process and DEFENDANTS failed to advise Plaintiff of her rights to complaint about the sexual misconduct without fear and/or threat of retaliation or other form of deterrence and punishment. Further, to the extent there was a process, Plaintiff at all times was coerced and threatened not to report the sexual abuse through physical and verbal acts of intimidation, actual and constructive retaliation, and other forms of deterrence and punishment. In addition, when Plaintiff made complaints of violence and sexual batter and assault, any formal policy and procedure for grievances were ignored without recourse, formal hearings, resolution efforts, and/or any other manner of redress. If a formal grievance process had to be commenced, the facilities were "effectively unavailable." Finally, Plaintiff is no longer in custody or incarcerated and therefore, any potential grievance process need not be exhausted prior to filing this Complaint.

31.    Plaintiff further contends that she was targeted after being isolated by control by means of the special relationship between guards and inmates established through detention itself. DOES 1-200 through Plaintiff's isolated confinement, exploited their position of trust and authority resulting in the sexual abuse of Plaintiff in violation of Penal Code §243.4(a) and 289.6.

**8**
**FIRST AMENDED COMPLAINT**

32.     Plaintiff alleges that DEFENDANTS and DOES 1 through 200 escaped liability and discipline for years based upon DEFENDANTS' failure to investigate the allegations of sexual abuse properly and efficiently. Moreover, DEFENDANTS were not disciplined, including termination, due to investigators violating the statute of limitations for investigators of peace officers not taking more than a year to complete reports.

## CALIFORNIA AND CDCR VICARIOUS LIABILITY FOR ACTS OF OFFICERS

33.     Plaintiff contends that at all times herein described, DOES 1 through 200 who committed the sexual acts and/or allowed the sexual acts to occur by actions or omissions to act hereafter, as agents, employees, and/or servants of DEFENDANTS acted under color of authority when the sexual abuse and misconduct occurred. Under the doctrine of respondeat superior, DEFENDANTS are vicariously liable for torts committed by Rodriguez within the scope of his employment. [Under Govt. Code §815.2, the respondeat superior doctrine applies to public and private employers in private tort litigation].

34.     DEFENDANTS are liable for all acts and/or omissions to act by Rodriguez in his course and scope of employment, as an on-duty officer and/or employee committed these acts and misused his authority by sexually abusing Plaintiff whom they had detained in DEFENDANTS' facilities. See generally *Mary M. v. City of Los Angeles* (1991) 54 Cal. 3d 202.

35.     **SPECIFIC FACTUAL ALLEGATIONS**

a.     Plaintiff suffered physical assault and battery, sexual assault and battery, sex-based abuse, harassment, retaliation, emotional distress, anxiety, fear, and difficulty sleeping during her incarceration at CCFW beginning about or around July 2016 through her release in November 2017. On information and belief, she knew the facts stated in this paragraph before, during, and/or after the harms she suffered as described.

b.     While incarcerated, Plaintiff was assigned to work in the Housing Units where she cleaned the units after inmates would visit with their families over the weekend. Rodriguez supervised Plaintiff while she cleaned these housing units. Rodriguez physically forced Plaintiff to touch his penis, suck his penis and then forcefully and violently penetrate

**9**

**FIRST AMENDED COMPLAINT**

Plaintiff's vagina with his penis. Plaintiff endured over fifteen (15) instances of sexual misconduct by Rodriguez while incarcerated at CCFW.

c.    The culture of retaliation, collusion and coverup at CCFW was so pervasive and overwhelming that Plaintiff reasonably believed it was safer to remain quiet than report the abuse she suffered, because the women who had reported misconduct were subjected to retaliatory abuse, harassment, selective enforcement of rules, and punitive imposition of unfair, unjust, and unwarranted punishments by the Officers and guards.

d.    On information and belief: Defendants received numerous reports of misconduct and complaints of sexual harassment and abuse made by female inmates against defendant Rodriguez yet failed to act on those complaints. discipline and or should have known of Rodriguez's misconduct but failed to thoroughly investigate, impose discipline, and implement safeguards to ensure the women at CCFW like Plaintiff were protected. Had Defendants thoroughly investigated, intervened, and imposed discipline, and taken other corrective actions as it was legally required to do in response to the complaints, Plaintiff would not have been harmed.

e.    Plaintiff suffered statutory, common law, and constitutional rights violations caused by Defendants' actions and failures to act. Defendants had a duty to keep Plaintiff safe during her period of incarceration and failed to do so. Defendants knew, or should have known, about the abuse she was subjected to and failed to intervene and protect her from the conduct of defendant Rodriguez. Defendants' had a non-delegable duty to act in Plaintiff's best interest given her status as an inmate under the other defendants' complete control.

f.    The conduct described occurred from Plaintiff's admission into CCFW through the date of her release. Plaintiff was harmed and resulting in physical and psychological injuries which she suffered emotional distress, pain and suffering including, but not limited to anxiety, fear, sleeplessness, anger, and intrusive/invasive thoughts on a daily basis.

## FIRST CAUSE OF ACTION

### SEXUAL ASSAULT

36.    Paragraphs 1 through 35 are incorporated by reference into each paragraph in this cause of action.

**FIRST AMENDED COMPLAINT**

37.     Plaintiff alleges sexual assault under California common law, California Civil Code § 1708.5.

38.     Under California law, a civil cause of action for sexual assault will lie when, *inter alia*, a defendant acts with the intent to cause harmful or offensive contact with a plaintiff using an "intimate part" of either's body, and such contact directly or indirectly results. Cal. Civ. Code §1708.5(a)(1)-(2). Intimate part means "the sexual organ, anus, groin, or buttocks of any person, or the breast of a female; offensive contact means "contact that offends a reasonable sense of personal dignity." *Id.* at (d)(1)-(2). "A person who commits a sexual battery upon another is liable to that person for damages, including, but not limited to, general damages, special damages, and punitive damages." *Id.* at (b).

39.     An employer is liable for an employee's sexual assault committed while working—including liability for punitive damages—if the employer ratifies the employee's misconduct. *Andrade v. Arby's Rest. Grp., Inc.*, 225 F.Supp.3d 1115, 1130 (N.D. Cal. 2016). The theory of ratification applies when an employer fails to investigate or respond to charges that an employee committed an intentional tort, and this establishes independent employer misconduct which is actionable separate and apart from the employee's liability. " 'If the employer, after knowledge of or opportunity to learn of the agents misconduct, continues to keep the wrongdoer in service, the employer may become an abettor and may make himself liable in punitive damages.' " *Id.* (citing *Murillo v. Rite Stuff Foods, Inc.*, 65 Cal.App.4th 833, 852 (1998).)

40.     **Plaintiff Alleges Sexual Assault as Follows:**

a.     Against Defendant Rodriguez in his individual capacity for intentionally causing harmful and offensive contact by forcibly and violently penetrating Plaintiff's vagina and her anus with his penis and forcing her to perform sexual acts upon his body against her will.

b.     Against DEFENDANTS and DOES 1 through 200 based on respondeat superior for creating, allowing, and/or knowingly permitting a culture of abuse, and under the theory of ratification for ratifying Rodriguez's misconduct at work by failing to act on complaints made against him for sexual harassment and assault. These defendants have waived sovereign immunity for this cause of action because it is based on assault/battery. 28 U.S.C. §2680(h).

**11**

**FIRST AMENDED COMPLAINT**

## SECOND CAUSE OF ACTION

GENDER VIOLENCE

41. Paragraphs 1 through 40 are incorporated by reference into each paragraph in this cause of action.

42. Plaintiff alleges gender violence under California Civil Code §52.4, *see also* Cal. Pen. Code §243.4(a).

43. "Any person who has been subjected to gender violence may bring a civil action for damages against any responsible party. The plaintiff may seek actual damages, compensatory damages, punitive damages, injunctive relief, any combination of those, or any other appropriate relief. A prevailing party may also be awarded attorney's fees and costs." Cal. Civ. Code §52.4(a).

44. Gender violence "is a form of sex discrimination and means either of the following: (1) One or more acts that would constitute a criminal offense under state law that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, committed at least in part based on the gender of the victim, whether or not those acts have resulted in criminal complaints, charges, prosecution, or conviction. (2) A physical intrusion or physical invasion of a sexual nature under coercive conditions, whether or not those acts have resulted in criminal complaints, charges, prosecution, or conviction." *Id.* at §52.4(c).

45. A violation of California Penal Code § 243.4 meets the definition of Civil Code §52.4(c)(1) because it defines the elements of criminal sexual battery as follows: "Any person who touches an intimate part of another person while that person is unlawfully restrained by the accused or an accomplice, and if the touching is against the will of the person touched and is for the purpose of sexual arousal, sexual gratification, or sexual abuse, is guilty of sexual battery." Cal. Pen. Code §243.4(a).

46. **Plaintiff Alleges Gender Violence as Follows:**

    a.    Against Defendant Rodriguez individually.

    b.    Against DEFENDANTS and DOES 1 through 200 based on the doctrine of respondeat superior. These defendants have waived sovereign immunity for this cause of action

**12**

**FIRST AMENDED COMPLAINT**

because it is based on assault/battery. 28 U.S.C. §2680(h) and Civil Code §52.4.

        c.    Defendant Rodriguez through acts and/or omissions committed sexual abuse and gender violence upon Plaintiff in violation of Penal Code § 293 based, in part, on Plaintiff's gender that was both a physical intrusion and/or physical invasion of a sexual nature under coercive conditions.

47. The alleged wrongful and elicit conduct was authorized, ratified, and/or adopted under color of authority by Defendants actions and/or omissions to act by way of its negligent hiring, supervision, and training of Rodriguez and DOES 1 through 200.

48. Plaintiff seeks actual damages, compensatory damages, punitive damages, attorney fees and costs, as well as any other remedies provided by law, including but not limited to, penalties, interest, and equitable relief as the court deems just.

## THIRD CAUSE OF ACTION

### CIVIL CONSPIRACY

49. Paragraphs 1 through 48 are incorporated by reference into each paragraph in this cause of action.

50. Plaintiff alleges civil conspiracy against all defendants based on California common law.

51. "The elements of an action for civil conspiracy are (1) formation and operation of the conspiracy and (2) damage resulting to the plaintiff (3) from a wrongful act done in furtherance of the common design." *Rusheen v. Cohen*, 37 Cal.4th 1048, 1062 (2006). A civil conspiracy claim is simply a mechanism for imposing vicarious liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in it perpetration; it is not itself a substantive basis for liability. *Favila v. Katten Muchin Rosenman LLP*, 188 Cal.App.4th 189, 206 (2010). Before liability can be imposed, therefore, a duty must be owed by the co-conspirator to the plaintiff as the doctrine of conspiracy does not impose liability on persons who owe no duty or who are otherwise immune from liability. *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th 503, 520 (1994).

52. As set forth in extensive detail, the defendants in this case colluded to perpetrate a

**13**

**FIRST AMENDED COMPLAINT**

culture of sexual violence against the female inmates at CCWF over many years and did so in a manner to prevent the outside world from discovering their misdeeds. The conspiracy started at the top with the warden and continued down the chain of command to permeate every aspect of life at CCWF while Plaintiff was incarcerated there.

53. On information and belief, an agreement among and between the defendants existed with respect to the wrongful acts done in furtherance of their common design. The existence of collusion, cover-up, and conspiracy is evidenced from the extent, duration, and severity of the abuse the inmates suffered before those wrongs were discovered.

54. Defendants preyed on a vulnerable population of women to whom they owed the highest duty of care. Inmates are wards of the state and exist at the sufferance and goodwill of the government while in custody and depend on the government and all of its agents and employees to ensure they are safe, and their basic needs are met. Defendants owed Plaintiff a duty of care but breached that duty by engaging in a common plan or design to subject her to sex-based abuse, assault, harassment, and retaliation.

55. Defendants' conduct, and all of it, satisfies the standard for wrongful acts because, as pleaded *inter alia* in the First, Second, and Third Causes of Action, Defendants committed both civil torts and criminal acts. Because assault and battery form the underlying wrongful torts upon which Plaintiffs' cause of action for civil conspiracy springs, this claim falls within the federal government's waiver of sovereign immunity with respect to "acts or omissions of investigative or law enforcement officers of the United States Government… arising… out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution." 28 U.S.C. §2680(h).

56. Defendants acted with malice, oppression, and/or fraud with respect to the allegations in this complaint, entitling Plaintiffs to punitive damages.

57. Plaintiff was harmed by Defendants' conduct and suffered and continues to suffer damages as a result.

58. Plaintiff seeks actual damages, compensatory damages, punitive damages, attorney fees and costs, as well as any other remedies provided by law including, but not limited to, penalties, interest, and equitable relief as the court deems just.

**14**

**FIRST AMENDED COMPLAINT**

## FOURTH CAUSE OF ACTION

VIOLATION OF THE TOM BANE ACT (CIVIL CODE § 52.1)

59.    Paragraphs 1 through 60 are incorporated by reference into each paragraph in this cause of action.

60.    This claim is brought under California Civil Code § 52.1.

61.    Against DEFENDANTS and DOES 1 through 200, inclusively.

62.    Plaintiff alleges that at all times mentioned herein, the conduct of DEFENDANTS and agents and/or employees constituted interference by threats, intimidation, or coercion, or attempted interference, with the exercise of enjoyment by Plaintiff of rights secured by the Constitution of laws of the United States, or secured by the Constitution or laws of the State of California, including interference with Plaintiff's right to be secure in her person and free from unreasonable and unlawful search and seizure under the Fourth Amendment and Cal. Const. Art. I Sec. 13, as well as Cal. Civil Code § 43, and the right of protection from bodily restraint and improper touching.

63.    Plaintiff contends that DEFENDANTS and agents and/or employees' actions, as alleged herein, interfered with Plaintiff's right to free speech, freedom from discrimination on the basis of race and sex, and freedom from cruel and unusual punishment as afforded by the United States of California Constitutions through violence, threats of violence, intimidation, and/or coercion.

64.    DEFENDANTS and agents and/or employees' oppressive and unlawful conduct in ignoring, concealing, threatening, intimidating, retaliation against, and ultimately suppressing Plaintiff's complaint of being sexually abused further violated Plaintiff's constitutional protections under California and the United States laws.

65.    DEFENDANTS and agents and/or employees, knowingly, with gross negligence, and in deliberate indifference to the Constitutional rights of citizens, maintain and permit an official policy and custom of permitting the occurrence of types of wrongs set forth hereinabove and hereafter, including violation of Plaintiff's Fourth and Fourteenth Amendment rights to be free from unlawful sexual abuse.

**15**

**FIRST AMENDED COMPLAINT**

66. Plaintiff contends that DEFENDANTS and agents and/or employees failed to adhere to their own policies and procedures and/or failed to have any in place to prevent this harm, including but not limited to, the deliberately indifferent training of its officers/employees in conducting, training, monitoring, and supervising unlawful violations of professional misconduct by way of color of authority such as:

a. Physical assault and abuse of inmates by officers, supervisors, and/or other higher-ranking officers with final policymaking authority for DEFENDANTS and agents and/or employees that were subsequently poorly investigated and/or covered up by DEFENDANTS and agents/and/or employees.

b. Intentional violation of DEFENDANTS and agents and/or employees' supervision policies and procedures by officers, supervisors, and/or other higher-ranking officers with final policymaking authority for DEFENDANTS and agents and/or employees in order to avoid evidencing improper assault and abuse on citizens by DEFENDANTS and agents and/or employees.

c. Sexual harassment, extortion and intimidation by officers, supervisors, and/or other higher-ranking officers with final policymaking authority for DEFENDANTS and agents and/or employees.

d. Abuse and assault against inmates, minorities, and citizens with disabilities by officers, supervisors, and/or other higher-ranking officers with final policymaking authority for DEFENDANTS and agents and/or employees as part of an accepted practice that were subsequently poorly investigated and/or covered up by DEFENDANTS and agents and/or employees to avoid legal consequences.

e. Sexual abuse and assault against inmates in custody by officers, supervisors and/or other higher-ranking officers with final policymaking authority for DEFENDANTS and agents and/or employees as defined as cruel and unusual punishment deeply offensive to human dignity and not part of the penalty that criminal offenders pay for their offenses against society.

f. Failure to report or investigate allegations of sexual misconduct by

**FIRST AMENDED COMPLAINT**

defendants CALIFORNIA and CDCR who were required to do, both under its own policies and procedures, as well as under federal mandate by the Fourteenth Amendment and California law.

67. As a direct cause of DEFENDNATS and agents and/or employees' wrongful conduct intended to and interfered with Plaintiff's Constitutional Rights to be free from gender discrimination, (b) free speech, (c) cruel and unusual punishment, and (d) Due Process under the United States Constitution, specifically the Fifth and Fourth Amendments.

68. Plaintiff's rights pursuant to California Civil Code § 52.1 were violated, causing injuries and damages in an amount to be proved at the time of trial.

69. Due to the conduct of DEFENDANTS agents and/or employees, and each of them, Plaintiff has been required incur attorneys' fees and will continue to incur attorneys' fees, and pursuant to California Civil Code § 52.1, Plaintiff is entitled to recovery said fees.

70. In addition, DEFENDANTS and agents and/or employees acted willfully and maliciously with the intent to harm Plaintiff, and in conscious disregard of Plaintiff's rights, entitling Plaintiff to punitive and/or exemplary damages, attorney fees, other damages pursuant to Civil Code Section 52(b)(1).

## FIFTH CAUSE OF ACTION

### NEGLIGENCE

71. Paragraphs 1 through 70 are incorporated by reference into each paragraph in this cause of action.

72. Plaintiff alleges negligence against all DEFENDANTS and DOES 1 through 200 Under California common law.

73. Jailers owe a duty of care to prisoners under state tort law. California case law holds that there is a special relationship between jailer and prisoner, imposing on the former a duty of care to the latter. *Schrubb v. California* 22-cv-00266-EJD (N.D. Cal. May 31, 2022) at *6-7 (citing *Lawson v. Superior Court*, 168 Cal.App.4th 231, 250 (2010).)

74. Defendants owed special and heightened duties of care to Plaintiff as their jailer, and those duties required them to protect Plaintiff against foreseeable harm including sexual abuse. Alternatively, Defendants owed a general duty of care with respect to the Plaintiffs.

**17**

**FIRST AMENDED COMPLAINT**

75. **Plaintiff alleges negligence as follows:**

a. Against Defendant Rodriguez individually for breaching his duty of care to Plaintiff by subjecting her sexual acts. Reasonably prudent prison guards would not have engaged in that conduct.

i. By subjecting Plaintiff to sexual acts, Defendant Rodriguez proximately caused her to suffer physical, mental, and emotional injuries, as well as injuries to her personal dignity.

ii. Defendant Rodriguez's conduct lacked any penological justification, and his actions were so far below the acceptable standard of custodial conduct, as exemplified by CALIFORNIA, CDCR and CCWF policies prohibiting sexual abuse, that he could not have been making a policy judgment in sexually abusing and/or ratifying the sexual abuse of Plaintiff.

b. Against CALIFORNIA, CDCR, and DOES 1 through 200 based on the acts and omissions of Rodriguez, acting in his capacity of an employee of CCWF, and within the scope of said employment, with the permission and consent and ratification of DEFENDANTS.

i. Defendant Rodriguez owed custodial duties as well as mandatory statutory obligations to protect Plaintiff as an inmate incarcerated by the State of California from forceable harm including harm from sexual abuse. In the alternative, Rodriguez owed a general duty of care to Plaintiff.

ii. Defendant Rodriguez's sexual abuse of Plaintiff was reasonably foreseeable to decision-makers at CALIFORNIA, CDCR and CCWF because their conduct made plain they were abusing her and based on prior knowledge of prior complaints.

iii. Defendants CALIFORNIA and CDCR failed to supervise and operate CCWF in a manner that would have prevented the ongoing sexual abuse of Plaintiff. These DEFENDANTS did not take reasonable, available measures to abate the risk of harm to Plaintiff and to guarantee her safety, even though a reasonable administrator would have complied with PREA regulations regarding prison operations including adequately monitoring officer conduct and responding to complaints of prior misconduct.

**18**

**FIRST AMENDED COMPLAINT**

iv.    Defendant Rodriguez's sexual abuse of Plaintiff occurred as the direct and proximate result of the supervisory negligence of DEFENDANTS.

c.    Defendants caused Plaintiff physical violation, injuries to personal dignity, prior physical injury, past and future mental pain and suffering, emotional distress, and other injuries.

d.    Defendants acted with malice, oppression, reckless and callous disregard of Plaintiffs' rights, entitling Plaintiffs to punitive damages, as supported by the specific factual allegations in ¶¶1-75.

e.    Plaintiff seeks nominal damages resulting from the repeated violations of her personal dignity and from physical injury; non-economic damages consisting of past physical injury, past and future mental pain and suffering, mental anguish, emotional distress, and for offenses to her personal dignity; and punitive damages.

## SIXTH CAUSE OF ACTION

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

76.    Paragraphs 1 through 75 are incorporated by reference into each paragraph in this cause of action.

77.    The employees and/or agents of DEFENDANTS have with their citizens a special relationship, which imposes upon them an affirmative duty to take reasonable steps to protect its citizens from reasonably foreseeable risks of harm.

78.    Plaintiff alleges that at all times mentioned herein, Rodriguez and DOES 1 through 200 were agents and employees of DEFENDANTS inclusive, and that Rodriguez and DOES 1 through 200 performed the acts herein while in the course and scope of their agency and employment at the time of the subject incident.

79.    Moreover, Plaintiff contends that said misconduct was authorized, ratified, adopted, and/or approved by DEFENDANTS and agents and/or employees, and that liability flows from their employment with Defendants CALIFORNIA, CDCR and CCWF while acting in the course and scope of employment as it: 1) may prevent recurrence of similar tortious conduct because it creates a strong incentive for vigilance by those in a position to guard substantially

**19**

**FIRST AMENDED COMPLAINT**

against the evil to be prevented; 2) would give greater assurance of compensation to the victim and, 3) would spread the risk of loss among the beneficiaries of the enterprise because of the substantial benefits that the community derives from the lawful exercise of policing power.

80.     Rodriguez and DOES 1 through 200 were in a position of authority, trust, influence, and persuasion over Plaintiff. Rodriguez and DOES 1 through 200 were agents of Defendants CALIFORNIA, CDCR and responsible for maintaining the special relationship with the community including their relationship with Plaintiff.

81.     The sexual abuse of Plaintiff by Rodriguez and DOES 1 through 200 was therefore also an abuse of their authority as agents and/or employees of Defendants CALIFORNIA and CDCR.

82.     The employees and/or agents of DEFENDANTS breached their duty to protect its citizens, including Plaintiff, from reasonably foreseeable risks of sexual abuse when it failed to use reasonable care in hiring and/or supervising and/or training its employees and/or agents from reasonably foreseeable risks of sexual abuse, touching, detect and report suspicion of sexual abuse and improper touching.

83.     DEFENDANTS and agents and/or employees knew and/or should have known that its conduct as described in this Complaint was likely to cause its citizens, including Plaintiff, to suffer severe emotional distress.

84.     As a direct and proximate result of this negligent conduct, Plaintiff suffered serious emotional stress, anxiety, discomfort and fear for her health and safety. Plaintiff will continue to suffer said damages for an unknown period in amounts to be proven at trial.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all claims so triable.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that this Court grant the following relief:

1.     Nominal damages in an amount to be determined at trial;

2.     Compensatory damages for injuries caused by a violation of her constitutional rights and personal dignity, physical injury, pain,

**20**

**FIRST AMENDED COMPLAINT**

discomfort, fears, anxiety, and other mental and emotional distress suffered by Plaintiff and for similar suffering reasonably certain to be experienced in the future, in an amount to be determined at trial;

3. Punitive damages for malice, oppression, and reckless and callous disregard of Plaintiff's rights;

4. An award to Plaintiff of reasonable costs and fees; and

5. Such other and further relief as the Court may deem fit and proper.

Dated:   December 27 , 2024                    **The Wagner Law Group**

/s/ Nicholas J.P. Wagner
NICHOLAS J.P. WAGNER
Attorney for Plaintiff, Adriane Gardea

**21**
**FIRST AMENDED COMPLAINT**

**CERTIFICATE OF SERVICE**

Case Name:                                        Case No.: 2:24-cv-03383-AC
Adriane Gardea v.
State of California, et al.


      I hereby certify that on December 27, 2024, I electronically filed the following documents with the Clerk of The Court by using the CM/ECF system:

**FIRST AMENDED COMPLAINT**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on December 27, 2024, at Fresno, California.


Sonya Siavi'i
Declarant

*Sonya Siavi'i*
Signature


Type text here