UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIANE GARDEA, | No. 2:24-cv-3383 AC P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |

Plaintiff is a state inmate who originally filed this action in the Sacramento County Superior Court. ECF No. 1. The original complaint alleged claims for relief under the Eighth Amendment and state law. Id. at 5-30. On December 4, 2024, defendants the State of California and California Department of Corrections and Rehabilitation ("CDCR") filed a notice of removal under 28 U.S.C. § 1441(a). Id. at 1-3. On December 27, 2024, the court ordered the parties to show cause why this case should not be transferred to the United States District Court for the Eastern District of California sitting in Fresno. ECF No. 6. That same day, plaintiff filed a first amended complaint ("FAC") removing the Eighth Amendment claim, leaving only state law claims. ECF No. 7. On January 2, 2025, plaintiff filed a motion to remand. ECF No. 8. Defendants' have filed a statement of non-opposition to remand. ECF No. 10.

Since plaintiff has voluntarily dismissed her federal law claims, it within this court's discretion whether to exercise supplemental jurisdiction over plaintiff's remaining state law

1

claims.[1] Carlsbad Tech. Inc. v. HIF Bio, Inc., 556 U.S. 635, 640 (2009) (statutory supplemental jurisdiction over state law claims remains even after dismissal of federal claims and is exercised at court's discretion); 28 U.S.C. § 1367(c)(3) (district court may decline to exercise supplemental jurisdiction where all claims over which it had original jurisdiction are dismissed). The court's decision whether to exercise supplemental jurisdiction should be informed by "values of economy, convenience, fairness, and comity." Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (citations and internal quotation marks omitted). Further, primary responsibility for developing and applying state law rests with the state courts. Therefore, when federal claims are eliminated before trial, district courts should usually decline to exercise supplemental jurisdiction. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 & n.7 (1988) (citation omitted); Gini v. Las Vegas Metro. Police Dep't, 40 F.3d 1041, 1046 (9th Cir. 1994) ("'[I]n the usual case in which federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims.'" (emphasis and alteration in original) (quoting Schneider v. TRW, Inc., 938 F.2d 986, 993 (9th Cir. 1991))).

Because plaintiff has voluntarily eliminated the federal claims in the operative complaint, defendants do not oppose remand, and this case is in its early stages, the undersigned recommends that the court decline to exercise supplemental jurisdiction over plaintiff's state law claims and remand the case back to state court. See Carnegie-Mellon Univ., 484 U.S. at 357 ("[A] district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate.").

Accordingly, IT IS HEREBY ORDERED that:

1. The request for clarification (ECF No. 4) and order to show cause (ECF No. 5) are vacated as moot.

---

[1] Plaintiff's state law claims were based upon the same incidents as his federal law claims. See 28 U.S.C. § 1367(a) ("[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

2. The Clerk of the Court shall randomly assign a United States District Judge to this action.

Further, IT IS RECOMMENDED that:

1. The court decline to extend supplemental jurisdiction over plaintiff's state law claims and the motion to remand this action to state court (ECF No. 8) be GRANTED.

2. The Clerk of the Court be directed to mail a certified copy of the order of remand to the clerk of the Sacramento County Superior Court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time waives the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 13, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE